The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| HAROLD G. SWAIN AND | ) | CASE NO. 09-62957 |
| JULIA A. SWAIN, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On April 4, 2011, the court entered an order compelling creditor Western Finance & Lease, Inc. ("Western Finance") to release its lien on a TAS Winkler building system ("building"). Ten days later, Western Finance moved to vacate the order under Federal Rule of Bankruptcy Procedure 9024. Debtors oppose the motion. A hearing was held on June 8, 2011.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTUAL BACKGROUND

When Debtors filed their joint chapter 13 case on July 21, 2009, they were indebted to Western Finance under an Equipment Finance Agreement for the building. Western Finance entered a notice of appearance on September 30, 2009 directing notices to be mailed to counsel, Christopher J. Niekamp. Mr. Niekamp is a registered ECF user

in this court.

Western Finance objected to Debtors' plan because it failed to provide for the secured claim on the building. The parties resolved the dispute on April 14, 2010 with Debtors agreeing to surrender the building ("agreed order").

On February 11, 2011, following nearly ten months of inaction by Western Finance, Debtors filed a motion to compel Western Finance to either accept surrender of the building or release its lien. The certificate of service indicates the motion and notice were served via the CM/ECF system to Mr. Niekamp on February 11, 2011.

Western Finance did not respond to the motion to compel and the court granted the motion, by default, on April 4, 2011, and required release of the lien on the building. A motion to vacate the order was filed on April 14, 2011.

## LAW AND ANALYSIS

Western Finance argues that the order should be set aside under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60 into bankruptcy practice, based on a lack of notice and/or excusable neglect. It also argues that an adversary proceeding was required to force release of its lien under Rule 7001. Debtors oppose giving Western Finance relief from the order to compel. It is their position that notice was properly provided, so Western Finance has not demonstrated the right to relief under Rule 9024. They also argue that an adversary proceeding is not required on these facts.

The court decides this matter on independent grounds from those argued by the parties. A motion to compel, by its nature, is a contested matter and therefore governed by Federal Rule of Bankruptcy Procedure 9014. Under Rule 9014(b), the motion initiating a contested matter is served in the same manner as an adversary complaint and summons, which directs service pursuant to Federal Rule of Procedure 7004. Rule 7004 required service to Western Finance. Debtors did not serve Western Finance with either the motion or notice and therefore failed to comply with the service requirements. The court will therefore set aside the order compelling release of the lien under Federal Rule of Bankruptcy Procedure 9024, as it incorporates Federal Rule of Civil Procedure 60(b)(4).

After the initial motion in a contested matter is served, subsequent pleadings in that matter may be served to a party's attorney. See Fed. R. Bankr. P. 9014(b) ("[a]ny paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P.") Rule 7005(b) allows for service to a party's attorney.

An appropriate order will be issued immediately.

# # #

**Service List**:

Erin R Kick
KICK & GILMAN
133 South Market St.
Loudonville, OH 44842

Christopher J. Niekamp
Bernlohr, Niekamp & Weinsensell, LLP
301 Nantucket Building
23 S. Main St.
Akron, OH 44308-1822